IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 25-CR-02234-SMD |
| | ) | |
| **JOHN ALBERT CARRILLO JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through undersigned counsel, submits this sentencing memorandum to request a sentence of 11 years for John Albert Carrillo Jr. (hereafter, the "defendant"). The United States makes this request because the defendant sexually assaulted a child by force, who he had previously sexually abused, and made every attempt possible to avoid punishment by obstructing justice.

## I.    BACKGROUND

On June 23, 2025, the defendant plead guilty to Sexual Abuse of a Minor under 18 U.S.C. § 2243(a). (Doc. 19). On August 26, 2025, a presentence report ("PSR") was disclosed to the parties. (Doc. 21). In the PSR, the defendant's total offense level is 40 and criminal history category III[1]. The guideline range is 360 months to life. However, the statutory authorized maximum sentence is 15 years; therefore, the guideline imprisonment range becomes 180 months. *See* USSG §5G1.1(a). In the plea agreement, pursuant to Rule 11(c)(1)(C), the parties stipulated to a specific sentencing range of 7.5 years (90 months) to 15 years (180 months). (Doc. 19). As

---

[1] The United States has no objections or corrections to the PSR.

shown below, a sentence of 11 years is sufficient, but not greater than necessary, to achieve the goals of sentencing.

## II.    ARGUMENT

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense show that the defendant perpetrated a violent sexual assault against Jane Doe. *See* PSR, ¶ 11, 12, 80. Leading up to the offense, the defendant had been consuming between 15 and 20 beers per day. *Id.* at ¶ 80. Jane Doe was staying at the defendant's house with her father. While everyone was asleep, the defendant snuck into the bedroom where Jane Doe was and tried to rape her. The defendant was so determined to sexually assault Jane Doe that he did so with other people asleep in the room. While the sexual assault was occurring, the defendant's children entered and witnessed the horrific actions of their father. ¶ 13.

After the defendant's sexual assault, he went immediately to the sink to wash his hands to destroy DNA evidence. ¶ 15. Repeatedly, the defendant yelled to his children that he "was not a pedophile." *Id.* at ¶ 13, 15. When the defendant was arrested, he contacted his mother for the purpose of having her influence the testimony of his children. ¶ 20. In jail calls, despite an advisement that calls were being recorded, the defendant was recorded obstructing justice to avoid punishment.

The evidence shows that the defendant had previously sexually abused Jane Doe. From the text messages retrieved from the defendant's phone, it can be strongly inferred that he had unprotected sexual intercourse with Jane Doe. ¶ 21-23. The conversations occurred in the early morning hours of February 14, 2025, one day prior to the reported sexual assault of Jane Doe:

> **Defendant**: "U seem like going to get me in trouble"
> Jane Doe: "I can't get pregnant"

**Defendant**: "I know I pulled out u were already that wet before did any thing"

Jane Doe: "I don't need the pill cuz you pulled out I'm find"

*Id.* These text messages prove that the defendant engaged in a pattern of activity involving prohibited sexual abuse with Jane Doe.

Unfortunately, while often thought of as resilient, children rarely fully recover from the trauma of sexual abuse. *See* A. Perry and D. DiLillo, *Child Sexual Abuse*, 147, in N.A. Jackson, Encyclopedia of Domestic Violence, (2007). Sexual trauma can affect the neurobiology of children, and such young victims of sexual abuse have more problems with anxiety, high-strung temperament, speech and language delay, inattentiveness, hyperactivity, and are at higher risk for mood disorders. *Id.* While short term effects of sexual abuse include fear, anxiety, anger, depression, and sexually inappropriate behavior, long-term effects include self-destructive behavior, tendency toward revictimization, substance abuse, and sexual maladjustment.

Research has shown that approximately 71.3% of female lifetime rape victims (an estimated 16.4 million) reported some form of physical health, mental health, or health-related behavior impact as a result of any violence by a rape perpetrator. *See* Kathleen C. Basile, Sharon G. Smith, Jieru Chen and Marrisa Zwald, *Chronic Diseases, Health Conditions, And Other Impacts Associated With Rape Victimization of U.S. Women*, 36 J. Interpers Violence. (2020).

The nature and circumstances of the defendant's conduct, and the everlasting trauma inflicted on Jane Doe, warrants a sentence of 11 years.

## B. History and Characteristics

The defendant's history and characteristics demonstrate issues with alcohol, prior assaults on children and police, and a previous accusation of rape. Most of the defendant's crimes involve alcohol. In 2013, the defendant was convicted of Battery on a Household Member. ¶ 43. In 2016,

the defendant was convicted again of Battery [details not listed in PSR]. ¶ 44. In 2019, the defendant was convicted of Driving Under the Influence of Alcohol, Resisting Arrest, and Assault Upon a Peace Officer. ¶ 45.

In 2020, the defendant was convicted of Driving While Under the Influence of Liquor and Resisting Arrest. ¶ 47. In 2021, the defendant was convicted of Persons Under the Influence of Intoxicating Liquor and Driving Under the Influence. ¶ 49-50. In 2022, the defendant was convicted of Disorderly Conduct. ¶ 51. In 2023, the defendant was convicted of Resisting Arrest, Disturbing the Police, and Disorderly Conduct. ¶ 52.

In 2020, the defendant was charged with rape of his wife, who had "told him to stop several times but he continued the assault." ¶ 56. In 2022, the defendant was charged with child abuse when he "hit [his daughter] on the head and slammed her head into the wall." ¶ 57. These convictions and charges show that the defendant has been victimizing others for years. The defendant's history and characteristics warrants a sentence of 11 years.

**C. To Reflect the Seriousness of the Offense/To Afford Adequate Deterrence to the Criminal Conduct/To Promote Respect for the Law/To Protect the Public from Further Crimes of Defendant**

As mentioned, the defendant has been convicted of a very serious violent offense against a minor: sexually assaulting a child by force. To reflect the seriousness of this offense, to promote respect for the law, and to protect the public from the defendant, a sentence of 11 years is the only appropriate sentence.

**III.   CONCLUSION**

For all these reasons, the United States recommends acceptance of the plea agreement and a sentence at the high end of the agreed-upon range of 11 years.

Respectfully submitted,

RYAN ELLISON
Acting United States Attorney

*__Electronically Filed 12/12/2025__*
JACKSON K. DERING V
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM 88011

I HEREBY CERTIFY that I electronically
filed the foregoing using the CM/ECF
system, which will send notification
defense counsel of record.

*/s/*
JACKSON K. DERING V
Assistant United States Attorney

5