IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

 **Plaintiff,**

v.              **CRIMINAL NO.  25-CR-2234-SMD**

JOHN ALBERT CARRILLO, JR.,

 **Defendant.**

**DEFENDANT'S RESPONSE TO THE**
**UNITED STATES' SENTENCING MEMORANDUM**

John Albert Carrillo, Jr., through counsel, respectfully asks this Court to sentence him to seven and a half years in prison (90 months). Mr. Carrillo appears before this Court fully accepting responsibility for his actions and aware of the profound harm he has caused. This request for a sentence of seven and a half years is not an attempt to diminish the seriousness of this offense. Rather, it reflects a recognition that accountability, punishment, and public safety must be paired with meaningful rehabilitation. He offers his sincere apologies to the victim and her family, knowing that no words can undo the damage inflicted.

Mr. Carrillo's life has been shaped by instability and trauma from an early age. He was raised in a home defined by severe alcoholism and domestic violence, circumstances that taught him maladaptive coping mechanisms long before he had the maturity or tools to understand them. At just fourteen years old, while still a child himself, Mr. Carrillo became a father. Instead of receiving guidance or support, he was

forced out of his home, dropped out of school, and entered adulthood without education, stability, or direction.

These experiences do not excuse Mr. Carrillo's conduct. He does not offer them as justification. He offers them because they explain how untreated trauma, compounded by severe alcohol addiction, ultimately manifested in catastrophic decisions that he now deeply regrets. Mr. Carrillo understands that remorse alone is not enough. He is asking the Court for a sentence that holds him accountable while also giving him the opportunity to confront the addiction, trauma, and lack of education that have defined his life and contributed to his criminal behavior.

The question before the Court is not whether a substantial term of imprisonment is warranted. Mr. Carrillo agrees that a substantial prison sentence is warranted, which is why he is requesting a sentence of seven and a half years. The question is whether a sentence of seven and a half years is sufficient but not greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a). For the reasons set forth below, it is.

1. **Nature and Circumstances of the Offense**

Mr. Carrillo understands the magnitude of the nature and circumstances of his offense of conviction, which is why he pled guilty and accepted responsibility for his conduct. He has not attempted to minimize the gravity of his actions or the lasting trauma inflicted on the victim. He recognizes that his actions caused deep and enduring harm. Nothing in this submission is intended to excuse his conduct or shift blame.

Mr. Carrillo's acceptance of responsibility is demonstrated not only by his plea, but by his commitment to engage in intensive treatment for the factors that contributed to

this offense, including long standing alcohol dependence. He understands that true accountability requires confronting the causes of his conduct to ensure it is never repeated.

## 2. Mr. Carrillo's History and Characteristics and the Intertwined Need for Effective Treatment, Education, and Rehabilitation

Mr. Carrillo's personal history is marked by significant trauma beginning in early childhood. He was raised in an environment dominated by alcoholism and domestic violence and within a community, the Mescalero Apache Reservation, that continues to experience the effects of intergenerational trauma. These circumstances shaped Mr. Carrillo long before he had the capacity to understand them.

At fourteen years old, Mr. Carrillo became a father. Shortly thereafter, he was expelled from his home and forced to fend for himself. Without parental support, education, or positive adult guidance, he dropped out of school and entered adulthood with no meaningful foundation. Alcohol became the coping mechanism he relied upon, mirroring the behavior modeled throughout his childhood. His criminal history reflects this pattern, with offenses overwhelmingly tied to untreated alcohol addiction and instability.

Mr. Carrillo groups together the sentencing factors of history and characteristics along with the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner because for him, the two are intertwined, and he wants to ensure that he uses his time in custody to address the trauma and resulting addiction that stain his history and characteristics.

Mr. Carrillo acknowledges that prior attempts at treatment, including outpatient services and participation in Alcoholics Anonymous, were insufficient. He does not dispute the Government's assessment in that regard. Instead, he recognizes that his addiction and underlying trauma require intensive, structured intervention.

For that reason, Mr. Carrillo respectfully requests designation to USP Marion in Illinois so that he may participate in the Residential Sex Offender Treatment Program. He also seeks placement in any available alcohol treatment program, including RDAP, if deemed eligible. He understands that untreated addiction has been a central factor in his criminal conduct and is committed to addressing it. In addition, Mr. Carrillo plans obtain his GED while incarcerated, recognizing that education is a necessary step toward building a lawful and stable life. He further intends to attend any and all career services training programs available to him while in custody.

3. **The Need for the Sentence to Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public**

Mr. Carrillo understands and accepts that the Court must consider all sentencing factors under 18 U.S.C. § 3553(a) when fashioning a sentencing, including the need for the sentence to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. A sentence of seven and a half years accomplishes all these requirements.

This sentence is a severe sanction that reflects the seriousness of the offense and the harm inflicted.

This sentence also affords adequate deterrence. The certainty and length of the sentence provide both specific and general deterrence.

The sentence also protects the public. Incarceration, combined with intensive treatment and strict conditions of supervised release, substantially reduces the risk of recidivism.

Finally, this sentence also promotes rehabilitation. The requested sentence does not simply warehouse Mr. Carrillo. It provides a structured opportunity to address the addiction, trauma, and lack of education that have driven his criminal behavior.

## 4. Conclusion

Mr. Carrillo stands before the Court remorseful, accountable, and aware that the harm he caused can never be undone. He does not ask the Court to look away from the seriousness of his conduct. He asks the Court to impose a sentence that punishes, protects the public, and meaningfully reduces the likelihood of future harm.

For these reasons, Mr. Carrillo respectfully requests that the Court accept the plea agreement and impose a sentence of seven and a half years of imprisonment, followed by appropriate conditions of supervised release. Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/Matilda McCarthy Villalobos
**Matilda McCarthy Villalobos**
PO Box 13292
Las Cruces, NM 88013
Phone: 575-288-2263
Fax: 575-288-2263
Email: tilli@villaloboslaw.net
Attorney for John Albert Carrillo, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jackson K. Dering V
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM 88001